UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JONATHAN BEARD,**

            **Plaintiff,**

-vs-                                                Case No.
                                                      HON.

**Fulton, Friedman & Gullace, LLP.**

            **Defendant.**

_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN PARKER (P48617)
Attorney for Plaintiff
30600 Telegraph Rd., Suite 1350
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
brianparker@collectionstopper.com
WWW.COLLECTIONSTOPPER.COM
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff **JONATHAN BEARD** ("Plaintiff"), by and through counsel, brings this action against **Fulton, Friedman & Gullace, LLP.** ("Fulton or Defendant"), on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

Plaintiff brings this action for damages based upon the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*, the Michigan Occupational Code ("MOC"), MCL 339.901 *et seq*, and Michigan Collection Practices Act ("MCPA"), MCL 445.251 *et seq*. Plaintiff seeks statutory damages, actual damages, costs and attorney's fees.

### II. PARTIES

1.

The plaintiff is a natural person and consumer and a resident of Wayne County, State of Michigan as defined by 15 U.S.C. 1692a.

2.

The Defendant, **Fulton, Friedman & Gullace, LLP.** ("Fulton or Defendant"), a foreign corporation, is a debt collector under 15 U.S.C. 1692a(6) and is a foreign corporation with the collections taking place at Plaintiff's home and workplace in Wayne County, State of Michigan.

### III. JURISDICTION AND VENUE

3.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

### IV. STATUTORY STRUCTURE

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

4.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. 1692.

5.

Under the FDCPA, a consumer is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

6.

Under the FDCPA, debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

7.

Under the FDCPA, debt collector is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

8.

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. 1692d.

9.

A debt collector may not violate the FDCPA, 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys 'fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

## **THE MICHIGAN OCCUPATIONAL CODE (MOC), MCLA 339.901-918**

10.

The Michigan Occupational Code (MOC), MCLA 339.901 et seq. is an act to regulate the

collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

11.

A "Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement. A collection agency shall include a person representing himself or herself as a collection or repossession agency, or a person performing the activities of a collection agency, on behalf of another, which are regulated by this act. A collection agency shall also include a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency also includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim. MCLA 339.901 (b).

12.

A "Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt. MCLA 339.901 (f).

13.

A "creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal shall not include a person who receives an assignment or transfer of a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this article. MCL 339.901(e).

14.

Prohibited acts by debt collectors or collection agencies under MCL 339.915 include:

(n) Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor.

(q) Failing to implement a procedure designed to prevent a violation by an employee.

## V. FACTUAL ALLEGATIONS

15.

Defendant Fulton and its employees and representatives keep calling Plaintiff for a debt he does not owe. **Please see Exhibit 1 which is a log of the calls from Defendant**. The Defendant callers keep insisting that Plaintiff is a "Jasper" Beard and that Plaintiff owes the debt.

16.

Mr. Beard does not owe the debt has never heard of "Jasper" Beard and has had the same phone number over fifteen years. **Please see attached Exhibit No. 2 which is the Plaintiff's affidavit**. The Plaintiff continued to receive calls from Defendant and its representatives even though he asked Fulton to stop many times.

17.

Since May of 2012, Plaintiff has received hundreds of calls from Fulton and nothing Plaintiff does or says will convince Defendant Fulton to stop calling him for this Jasper Beard. **Please see Exhibit 1 and 2**.

18.

Plaintiff is stressed out by the constant calling by Defendant Fulton and does not know how to stop the calls. **Please see Exhibit 3**

19.

Defendant violated M.C.L. 339.915(q) and MCLA 445.252(e) by failing to implement a procedure designed to prevent a violation by an employee as here as mentioned above.

20.

As a result of Defendants' wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA, MOC and MCPA.

## VI. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

21.

Defendant violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a. Defendant violated 15 U.S.C. 1692e(10) with the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer without following the FDCPA;

b. Defendant violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of

which is to harass, oppress, or abuse any person in connection with the collection of a debt as stated above and

e. Defendant violated 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt

**WHEREFORE**, plaintiff seeks judgment against Defendant for:

a. Statutory damages for Plaintiff in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b. Actual damages;

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

d. Such further relief as the court deems just and proper.

## Count 2-Michigan Occupational Code

22.

Defendants have violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a. Defendants violated M.C.L. 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt as mentioned above;

b. Defendants violated M.C.L. 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee as here as mentioned above.

**WHEREFORE**, Plaintiff seeks judgment against Defendant for:

a. Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 339.916.

b. Equitable, declaratory and injunctive relief pursuant to M.C.L. 339.916, including but not limited to, a declaration that defendant's debt collection practices violated the MOC;

c. Humiliation, annoyance, embarrassment, emotional and stress damages, and

d. Reasonable attorney's fees and court cost pursuant to M.C.L. 339.916.

### Count 3-Michigan Collection Practices Act (MCL 445.251 et seq.) (MCPA)

23.

Defendant is a collection agency under MCL 445.251(b). The subject lawsuit is a claim or debt under MCL 445.251(a). Plaintiff is a debtor under MCL 445.251(d).

24.

Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a. Defendants violated MCLA 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt as mentioned above;

b. Defendants violated MCLA 445.252(a) communicating with a debtor in a misleading or deceptive manner as mentioned above.

c. Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to implement a violation by an employee in that notice of the Michigan's class members rights under the MCPA.

**Wherefore**, plaintiff seeks judgment against Defendants for:

a. Statutory damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257;

b. Statutory damages of $50.00, trebled to $150.00 for a willful violation, pursuant to

M.C.L. 445.257;

c. Humiliation, annoyance, embarrassment, emotional and stress damages, and

d. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Compensatory damages and actual damages under the FDCPA, MOC and, MCPA;

B. Statutory damages under the FDCPA, MOC and MCPA;

C. Attorney fees and costs incurred in this action pursuant to the FDCPA, MOC, and MCPA;

D. Actual damages under the FDCPA, MOC and MCPA:

E. Demand that the case be tried before a Jury;

F. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 14, 2012

BRIAN PARKER (P48617)
Attorney for Plaintiff